**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SACHAREY T. JACKSON,**

                            **Plaintiff,**

        v.                                              CASE NO. 20-3252-SAC

**SHERIFF DONALD ASH, et al.,**

                            **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

    This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff commenced this action while held at the Wyandotte County Jail (WCJ), where he was held from June 10, 2019, to October 19, 2020, first in pretrial confinement and later as a convicted prisoner. He proceeds pro se and in forma pauperis.

**Nature of the complaint**

    Plaintiff claims the conditions of his confinement at the WCJ violated his constitutional rights. He claims that he was double-celled, that toilets in the cells could be flushed only three times per hour, that he had limited opportunities to exercise, place calls, shower, or clean his cell, and that sheet and towel exchanges were made only every two weeks.

    It appears that during some parts of this period, the WCJ was in lockdown and that plaintiff was housed in disciplinary segregation for part of his confinement.

**Motion to appoint counsel**

    Plaintiff moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*,

869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979. The court has considered the record and finds that the appointment of counsel is not warranted. Plaintiff's claims are not unusually complicated, and it appears that he is able to present them clearly.

## Analysis

The Eighth Amendment requires prison officials to "provide humane conditions of confinement," by "ensur[ing] that inmates receive adequate ... clothing, [and] shelter ... and [to] 'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). The rights of pretrial detainees are secured by the Due Process Clause of the Fourteenth Amendment, which requires jail personnel to provide adequate clothing, shelter, and safety. *See, e.g., Perry v. Durborow*, 892 F.3d 1116, 1121 (10th Cir.

2018) (stating that "[p]retrial detainees are protected under the Due Process Clause rather than the Eighth Amendment" and that courts "apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983" (quoting *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999))).

The Supreme Court has stated that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To state a claim for relief in this context, the plaintiff must establish "deliberate indifference." This standard has both objective and subjective components. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir.2005).

A prisoner satisfies the objective standard by alleging facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Next, a prisoner satisfies the subjective component by showing that the defendant officials acted with a culpable state of mind. *Farmer*, 511 U.S. at 834, 837 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."); *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001)(Deliberate indifference "requires both knowledge and disregard of possible risks.").

In his complaint, plaintiff presents claims that suggest unpleasant and inconvenient conditions, but he does not show that he

was confined in conditions that presented a substantial and unreasonable risk of serious harm. Nor does he show that the defendants acted with deliberate indifference to the health and safety of those confined in the WCJ.

Accordingly, the court will direct plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. If plaintiff fails to file a timely response, this matter may be dismissed without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to appoint counsel (Doc. 4) is denied.

IT IS FURTHER ORDERED plaintiff is granted to and including **July 8, 2021,** to show cause why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED:  This 8th day of June, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge